UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ENNIS R. PATTERSON, | ) | Case No.: 1:18CV2096 |
| Petitioner, | ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | Magistrate Judge George J. Limbert |
| WARDEN DAVID GRAY, | ) ) ) ) | **INTERIM REPORT & RECOMMENDATION OF MAGISTRATE JUDGE** |
| Respondent. | ) | |

The above-captioned case is before the Court on Petitioner Ennis R. Patterson's ("Petitioner") Traverse/Motion for Summary Judgment. ECF Dkt. #10. Respondent David Gray, Warden of the Belmont Correctional Institution ("Respondent") where Petitioner is housed, has not responded to the part of the Traverse that Petitioner also labeled "Motion for Summary Judgment." Nevertheless, for the following reasons, the undersigned recommends that the Court DENY the portion of Petitioner's "Traverse/Motion for Summary Judgment," to the extent that it is presented as a motion for summary judgment. ECF Dkt. #10. The undersigned further recommends that the Court allow the rest of this document to constitute Petitioner's Traverse, along with Petitioner's "Response to Return of Writ" filed on March 15, 2019 (ECF Dkt. #9).

On September 6, 2018, Petitioner executed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, which was filed in this Court on September 13, 2018. ECF Dkt. #1. In his § 2254 federal habeas corpus petition, Petitioner asserted four grounds for relief. *Id*. On February 28, 2019, Respondent filed his Return of Writ. ECF Dkt. #8.

On March 15, 2019, Petitioner filed a "Response to Return of Writ." ECF Dkt. #9. On August 9, 2019, Petitioner filed a "Traverse/Motion for Summary Judgment." ECF Dkt. #10. In his "Response to Return of Writ," Petitioner outlined the procedural history of his case, made corrections to facts and statements that he believed were incorrectly made by Respondent in his Return of Writ, addressed Respondent's assertions of procedural default, and Petitioner advanced assertions related to his grounds for relief. ECF Dkt. #9. In his "Traverse/Motion for Summary Judgment," that he subsequently filed, Petitioner expands upon his grounds for relief, and asserts

that there are "undisputable facts, matters of law, and legal precedent that will show that Patterson is entitled to relief." ECF Dkt. #10 at 1. In the conclusion of his "Traverse/Motion for Summary Judgment," Petitioner asserts that:

> [a]s a matter of law, Patterson's conviction should be overturned for blatant violations identifiable in the record, i.e., preliminary hearing denial, items not subpoenaed by defense attorney, and invited error doctrine violation. In addition, the U.S. Constitution, criminal rules and revised codes, and established precedent have been totally disregarded as reflected by reviewing facts and applying law. A hearing is not necessary as the record and filings are straight-forward in conveying, auspiciously, the Petitioner's wrongful conviction. Petitioner ask[sic] this Court to appoint an investigator to substantiate all claims of this motion.

*Id.* at 6.

The undersigned notes that Petitioner provides no summary judgment analysis based upon the proper standard of review. Rather, he merely presents assertions concerning his underlying criminal case and states that the facts and legal issues are indisputable. ECF Dkt. #10. However, Respondent plainly disputes Petitioner's facts and legal issues in his Return of Writ. ECF Dkt. #8. In addition, the contents of Petitioner's "Traverse/Motion for Summary Judgment" are more appropriately presented through the procedural vehicle of a Traverse and not a motion for summary judgment. Petitioner has already filed a responsive brief to Respondent's Return of Writ in the form of a "Response to Return of Writ." ECF Dkt. #9.

Nevertheless, the Court should allow both Petitioner's "Response to Return of Writ" and the contents of Petitioner's "Traverse/Motion for Summary Judgment" to constitute his Traverse since they both appear to provide analysis and support for Petitioner's grounds for relief and a response to the Return of Writ. Any reference or label as to Petitioner's Traverse constituting a motion for summary judgment should be found misplaced and unsupported. Accordingly, to the extent that Petitioner moves for summary judgment in the instant case, the undersigned recommends that the Court DENY this motion as unsupported and without merit since Petitioner fails to provide proper analysis concerning such a motion and Respondent disputes the facts and legal issues contained therein. ECF Dkt. #10. The undersigned also recommends that the Court allow review

of Petitioner's "Response to Return of Writ" (ECF Dkt. #9) and the contents of Petitioner's "Traverse/Motion for Summary Judgment" (ECF Dkt. #10) to constitute Petitioner's Traverse.

Date:  October 31, 2019                              /s/  *George J. Limbert*
                                                    GEORGE J. LIMBERT
                                                    U.S. MAGISTRATE JUDGE

    ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).