UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ENNIS R. PATTERSON, *Pro Se*, | ) | Case No.: 1:18 CV 2096 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| WARDEN DAVID GRAY, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On September 13, 2018, in the above-captioned case, *Pro Se* Petitioner Ennis R. Patterson ("Petitioner" or "Patterson") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Therein, Petitioner alleges four grounds for relief: denial of due process and *Brady* violations ("Ground One"); compulsory process and *Brady* violations ("Ground Two"); denial of due process resulting from the trial court's alleged failure to give Patterson a preliminary hearing ("Ground Three"); and ineffective assistance of counsel ("Ground Four"). (Pet., ECF No. 1.) Patterson has several pending motions before the court: (1) Motion for Bond (ECF No. 16); (2) Motion to Expedite Judgment due to Unforeseen Circumstances (ECF No. 19); and (3) Amended Motion to Expedite Judgment due to Unforeseen Circumstances (ECF No. 23).

On December 21, 2018, the court referred the case to Magistrate Judge George J. Limbert ("Judge Limbert" or the "Magistrate Judge"), pursuant to Local Rule 72.2, for preparation of a

Report and Recommendation ("R & R"). (ECF No. 6.) Judge Limbert filed his R & R on June 26, 2020, recommending that the court deny Patterson's Petition with prejudice. (ECF No. 26.) Judge Limbert also recommends that the court deny Patterson's Motion to Ensure Proper Establishment of Subject Matter Jurisdiction (ECF No. 14), and deny as moot his Motion for Bond (ECF No. 16) and Motions to Expedite Judgment due to Unforeseen Circumstances (ECF Nos. 19, 23). On July 8, 2020, Patterson filed an Objection to the R & R. (ECF No. 27.) On July 14, 2020, Patterson filed an Amended Objection to the R & R. (ECF No. 14.) Accordingly, this matter is ripe for review.

Because the facts of this case are fully discussed in Judge Limbert's R & R (ECF No. 26), the court does not address them in detail here. Rather, this Order will focus on Judge Limbert's findings and conclusions, and Patterson's Objections thereto.

In the R & R, Judge Limbert recommends that the court deny Patterson's Motion to Ensure Proper Establishment of Subject Matter Jurisdiction (ECF No. 14) because Petitioner filed this action, pursuant to 28 U.S.C. § 2254, alleging that he is being unlawfully held in violation of the United States Constitution or law and treaties of the United States, and this court has subject matter jurisdiction over such actions. (R & R at PageID #600, ECF No. 26.)

Further, Judge Limbert recommends that the court deny Patterson's Petition in its entirety with prejudice because his grounds for relief are either not cognizable on habeas review or are procedurally defaulted. (*Id.* at PageID #609.) Judge Limbert concluded that Petitioner procedurally defaulted Grounds One and Four because he did not exhaust his claims in the state courts and failed to properly appeal the denial of his post-conviction relief petition to the Ohio appellate court. (*Id.* at PageID #603–07.) In this regard, Judge Limbert found that Petitioner had multiple opportunities to file an appeal from the trial court's denial of his post-conviction relief petition when the trial

-2-

court's findings of fact and conclusions of law were reissued on October 15, 2018, and later republished on November 5, 2018. (*Id.* at PageID #606.) Further, Judge Limbert found that Patterson was not prevented from filing an appeal of the trial court's denial of his post-conviction relief petition, and that he cannot now return to the Ohio appellate court to file an appeal because Ohio law does not allow delayed appeals of collateral matters. (*Id.* at PageID #607.)

The Magistrate Judge also found that Patterson procedurally defaulted Ground Two because he did not fairly present this claim to the state courts and *res judicata* bars him from returning to the state courts in order to fairly present it to them. (R & R at PageID #601–02, ECF No. 26.) Next, Judge Limbert concluded that Ground Three is not cognizable before the court because there is no federal constitutional right to a preliminary hearing, *Dillard v. Bomar*, 342 F.2d 789, 790 (6th Cir. 1965). (*Id.* at PageID #601.) Finally, with respect to Patterson's procedurally defaulted grounds for relief, Judge Limbert concluded that Patterson could not show cause to excuse his defaults because Patterson's inability to perfect his appeal to the Ohio appellate court was due to his own failure to follow the appellate court's instruction, which informed him that he should file his appeal after the trial court republished its final order. (*Id.* at PageID #608.) The Magistrate Judge also found that Patterson could not avoid the bar of procedural default by asserting a miscarriage of justice because he did not put forth any new reliable evidence to prove that he is actually innocent. (*Id.* at PageID #608.)

Patterson does not raise any new arguments in his challenge to Judge Limbert's factual findings and legal conclusions. He merely raises the same arguments that he made in his Petition (ECF No. 1) and Response to the Return of Writ (ECF No. 9), and asks the court to disregard the R & R. (Obj. at PageID #610–17, ECF No. 27.) In short, Patterson asserts that he can show cause to

bar his procedural defaults because the state trial court impeded his ability to file a proper appeal and there was confusion as to where he should make his arguments concerning the testimony of a witness relative to his *Brady* violation claims. (Obj. at PageID #610–12, 17, ECF No. 27.) Petitioner also asserts that even though he has no constitutional right to a preliminary hearing, he should have been given one in his state case. (*Id.* at PageID #612–13.) These arguments are no more than a restatement of arguments already presented to the Magistrate Judge and merely evidence his disagreement with the Magistrate Judge's decision.

The court finds, after careful *de novo* review of the R & R and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Accordingly, the court adopts as its own Judge Limbert's R & R (ECF No. 26) in its entirety and denies Patterson's Petition (ECF No. 1) with prejudice. In addition, the court hereby denies Patterson's Motion to Ensure Proper Establishment of Subject Matter Jurisdiction (ECF No. 14), and denies as moot his Motion for Bond (ECF No. 16) and Motions to Expedite Judgment due to Unforeseen Circumstances (ECF Nos. 19, 23).

Finally, the court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

July 20, 2020